**Mollie C. JONES, Appellant,**

v.

**BAYLOR HOSPITAL, Appellee.**

**No. 15012.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 4, 1955.

McNicholas & Schmolder, Dallas, for appellant.

Burford, Ryburn, Hincks & Ford and Roy L. Cole and H. Sam Davis, Jr., Dallas, for appellee.

DIXON, Chief Justice.

Appellant Mollie C. Jones sued appellee Baylor Hospital for personal injuries alleged to have been caused by the negligence of a nurse employed by the Hospital. The trial court sustained appellee's special exceptions to appellant's petition on the ground that appellee, being a charitable institution, is exempt from liability for injuries to its patients caused by the negligence of its employee unless it is shown that it was negligent in hiring or retaining said employee. Appellant declined to amend, so the suit was dismissed.

It is conceded by appellant that Baylor Hospital comes within the legal classification of a charitable institution. That being so, there is no doubt the trial court correctly sustained the special exception. Southern Methodist University v. Clayton, 142 Tex. 179, 176 S.W.2d 749 (Opinion adopted).

Appellant's counsel is well aware of the rule as stated in the above cited case, but in an able presentation says that it is a rule of judicial decision which should no longer be followed for two reasons: (1) It should never have been adopted by our courts, and (2) it is no longer applicable because of changed conditions.

Appellant says that the "immunity rule" had its origin in the United States in

930

McDonald v. Massachusetts General Hospital, 1876, 120 Mass. 432, which was based on the English case of Haliday v. St. Leonard's, 142 Eng.Reprint 769 (1861), which had followed the dictum in Duncan v. Findlater, 7 Eng.Reprint 934. Apparently the Massachusetts court believed it was adopting the common-law rule, but as a matter of fact the Duncan case had already been overruled in England in Mersey Docks, Trustees, v. Gibbs, 11 Eng.Reprint 1500 (1866), and the Haliday case was disapproved in Foreman v. Mayor of Canterbury, L.R. 6, Q.B. 214 (1871). Appellant says further that the rule ought not to be applied today, because charitable institutions such as Baylor Hospital may protect themselves by taking out liability insurance.

Be that as it may, the rule is well established in Texas and this Court is bound to apply it under the principle of stare decisis. 11 Tex.Jur. 843.

The judgment of the trial court is affirmed.